**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ABSOLUTE SWINE INSEMINATION CO., (H.K.) LIMITED, et al., | ) ) ) Case No. 2:12-cv-00606-KJD-PAL |
| Plaintiffs, | ) ) **ORDER** |
| vs. | ) ) (Mtn to Appoint - Dkt. #24) |
| ABSOLUTE SWINE INSEMINATION CO., LLC, et al., | ) ) ) |
| Defendants. | ) ) |

This matter is before the court on Plaintiffs Absolute Swine Insemination Company (HK) Limited's ("HK") and David Yang's Motion for Order Authorizing Alternate Service of Process on Defendant Mark Anderson Pursuant to Federal Rule of Civil Procedure 4(f)(3) (Dkt. #24) filed July 23, 2012. The court has considered the Motion and Defendants Absolute Swine Insemination Company, LLC's, ("ASIC") and Pathway Technologies, LLC's, ("Pathway") Opposition (Dkt. #27) filed August 7, 2012.

**BACKGROUND**

Plaintiffs filed the Complaint (Dkt. #1) on April 13, 2012, asserting claims for breach of contract, breach of duty of good faith and fair dealing, intentional interference with contractual relations, intentional interference with prospective economic advantage, and unjust enrichment against Defendants Absolute Swine Insemination Company, LLC ("ASIC"); Pathway Technologies, LLC; and Anderson. Plaintiffs allege that Anderson is the member/chairman/inventor/creator of ASIC and Pathway, and that ASIC and Pathway are registered Nevada corporations. *See* Complaint (Dkt. #1) at ¶¶13, 18, 28-33. The Complaint invoked the court's diversity jurisdiction. On June 4, 2012, Defendants ASIC and Pathway filed a Motion to Compel Arbitration, or Alternatively to Dismiss or for

1   Summary Judgment (Dkt. #7).  ASIC's and Pathway's Motion asserts that this case should be arbitrated

2   pursuant to the parties' agreement.  Alternatively, it contends that the Complaint fails to state claims

3   upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but if the

4   court requires review of the relevant contracts in rendering its decision, summary judgment is

5   appropriate under Rule 56 of the Federal Rules of Civil Procedure.  Pursuant to Rule 4(m), service of

6   the Complaint and summons must have been effected by August 13, 2012.

7                                                    **DISCUSSION**

8   **I.      The Parties' Positions.**

9          The Motion represents that Plaintiffs have been unable to serve the summons and Complaint on

10  Anderson.  Upon information and belief, Plaintiffs contend Anderson resides in the Philippines, is

11  aware of this case, and is involved in ASIC's and Pathway's defense.  Plaintiffs have been unable to

12  locate Anderson in Nevada and seek leave to serve the Complaint and summons on Anderson by

13  international mail pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.

14         Plaintiff's assert service by international mail under Rule 4(f)(3)  is appropriate because

15  Anderson runs ACIS and Pathway–both registered Nevada corporations–from the Philippines.

16  Plaintiffs represent that the Philippines is not a party to an international service treaty, including the

17  Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or

18  Commercial Matters or the Inter-American Treaty on Letters Rogatory and the Additional Protocol.

19  Plaintiffs also contend that neither Filipino nor international law prohibit service of process by

20  international mail.  However, even if the Philippines were a signatory to the Hague Convention, the

21  Ninth Circuit has authorized service by international mail to Hague Convention member countries.  *See,*

22  *e.g., Brockmeyer v. May,* 383 F.3d 798, 802, 808-9 (9th Cir. 2004) (joining Second Circuit and noting

23  "essentially unanimous view of other member countries of the Hague Convention" that Hague

24  Convention allows service of process by international mail).

25         ACIS and Pathway oppose the Motion.  Counsel for ACIS and Pathway states that he does not

26  represent Anderson but contends Plaintiffs' Motion is premature, and the court should first rule on the

27  Motion to Compel Arbitration.  ACIS and Pathway assert they have standing to oppose the Motion

28  because if Anderson appears, it "will add to the issues before the Court and the parties and increase the

costs involved to all," particularly where Plaintiffs seek to serve Anderson, an individual company representative.  ACIS and Pathway assert that, on the merits, Plaintiffs have failed to demonstrate the necessity to use Rule 4(f)(3)'s alternative means of service and have stated no information about the efforts already undertaken to justify application of a special procedure.

Finally, ACIS and Pathway point out that the Complaint alleges that Anderson resides in three different locations: Reno, Nevada; San Ramon, California; and the Philippines.  They rely on the Supreme Court's decision in *Newman-Green, Inc. v. Alfonzo-Larrain* to assert that if Plaintiffs have to serve Anderson in the Philippines, it means that the Philippines is Anderson's place of residence.  If Anderson resides in the Philippines, complete diversity is destroyed, and the court does not have jurisdiction over this case.  *See* 490 U.S. 826, 828 (1989) (holding that if a party is a United States citizen but has no domicile in any state, that party is "stateless" for purposes of diversity jurisdiction, and "stateless" status destroys complete diversity).  If, however, Plaintiffs "revert to the non-Philippine residency allegations in the Complaint, the Motion must be denied."  Opposition at 4:13-17.

ACIS and Pathway also assert that the Complaint should be dismissed because it has not alleged the citizenship or domicile of Anderson or Yang.  Instead, it only asserts that Yang is an individual with his principle place of business in Hong Kong, and Anderson resides in three locations.  Complaint at ¶3, ¶¶34-36.  Because the allegations in the Complaint are insufficient to establish diversity jurisdiction, ACIS and Pathway argue the Complaint should be dismissed.

**II.    Analysis**

Rule 4(f) of the Federal Rules of Civil Procedure governs how to effect service on an individual in a foreign country.  It provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2)    if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A)    as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B)    as the foreign authority directs in response to a letter rogatory or letter of request; or

(C)    unless prohibited by the foreign country's law, by:

      (I)    delivering a copy of the summons and of the complaint to the individual personally; or

      (ii)    using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3)    by other means not prohibited by international agreement, as the court orders.

*Id.*

The decision whether to allow alternative means of service of process under Rule 4(f)(3) is within the discretion of the district court. *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). In *Rio,* the Ninth Circuit interpreted Rule 4(f) and held that the plain language of Rule 4(f)(3) requires only that service be directed by the court and that it not contravene an international agreement. *Id.* at 1014. "No other limitations are evident from the text." *Id.* at 1016. Service under this provision must "comport with constitutional notions of due process" and be reasonably calculated, under the circumstances, to "apprise the interested parties of the pendency of the action and afford them an opportunity to present [their] objections." *Id.* at 1016 (citing Advisory Committee Notes to Rule 4(f)(3)). The Ninth Circuit explicitly observed that service under Rule 4(f)(3) is not a "last resort" or "extraordinary relief," and instead, is one way among several to serve process on an international defendant. *Id.* at 1014 ("we hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)").

Here, the court finds that service by international mail is appropriate to serve the Complaint and summons on Anderson. The Motion asserts that Anderson resides in the Philippines and cannot be located in Nevada. Although Plaintiffs have not detailed the efforts undertaken to serve Anderson, they have alleged that they have been unable to serve Anderson and asserted that, as the chief executive

1    officer of ACIS and Pathway, Anderson is aware of this litigation, involved in ACIS' and Pathway's

2    defense, and attempting to evade process in the Philippines.  Even assuming ACIS and Pathway have

3    standing to oppose the Motion, they do not dispute these representations in the Opposition.  If, as

4    claimed, Anderson is the CEO of both companies, counsel for ACIS and Pathway must know where

5    Anderson resides and is domiciled.

6         Defendants do not claim that service by international mail violates international or Filipino law.

7    Moreover, contrary to their assertion, Plaintiffs need not attempt every possible means of service before

8    applying for alternative relief under Rule 4(f)(3) because service under subsection (f)(3) is not a last

9    resort.  *Id.* at 1015, 1016 (stating "the advisory notes indicate the availability of alternate service of

10   process under Rule 4(f)(3) without first attempting service by other means").  There is no requirement

11   to show "necessity" to effect service under Rule 4(f)(3).  *Id.* at 1015 ("Rule 4(f)(3) includes no

12   qualifiers or limitations which indicate its availability only after attempting service of process by other

13   means").

14        Under the circumstances, service by international mail is reasonably calculated to apprise

15   Anderson of this action and afford him an opportunity to respond to the Complaint.  The court also

16   reminds all of the Defendants of their duty under Rule 4(d)(1) to avoid unnecessary expenses associated

17   with service of summons.

18        The court need not address the merits of Defendants' jurisdictional arguments as they may be

19   raised in an appropriate motion after service is effected.  Defendants' pending Motion to Dismiss does

20   not raise the sufficiency of the Complaint's diversity jurisdiction allegations.  Moreover, under 28

21   U.S.C. § 1653, courts have the authority to grant leave to amend a complaint in order to cure defective

22   allegations of jurisdiction.  The statute provides, "Defective allegations of jurisdiction may be amended,

23   upon terms, in trial or appellate courts."  *Id.*; *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 & n.6

24   (9th Cir. 2002) (citing *Howard v. De Cordova*, 177 U.S. 609, 614 (1900) and noting the trial court

25   "could-and-should-have allowed amendment if it had been made aware of the pleading defect" and

26   stating the trial court "certainly" should not have dismissed the complaint without leave to amend).  */ /*

27   */ / /*

28   */ / /*

5

Finally, Defendants' request to delay service of process on Anderson until after the district judge disposes of the pending Motion to Dismiss and Compel Arbitration will result in unnecessary further delay of these proceedings, and is therefore denied.

For the reasons set forth above,

**IT IS ORDERED:**

1.  Plaintiffs' Motion for Order Authorizing Alternate Service of Process on Defendant Mark Anderson Pursuant to Federal Rule of Civil Procedure 4(f)(3) (Dkt. #24) is GRANTED.

2.  Plaintiffs shall have an additional forty-five days, or until **September 27, 2012,** in which to serve the Complaint and summons on Anderson.

3.  John Pierceall and agents of Ancillary Legal Corporation are specially appointed, authorized, and directed to mail the summons, Complaint, and future pleadings in this action for service on Defendant Mark Anderson in the Philippines by United States International Mail.

4.  The Defendants are reminded of their duty under Rule 4(d)(1) of the Federal Rules of Civil Procedure to avoid unnecessary expenses associated with service of the Complaint and summons.

Dated this 13th day of August, 2012.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE