# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ABSOLUTE SWINE INSEMINATION
CO., (H.K.) LIMITED, *et al.*,

    Plaintiffs,

v.

ABSOLUTE SWINE INSEMINATION
CO., LLC., *et al.*,

    Defendants.

Case No. 2:12-CV-00606-KJD-PAL

**ORDER**

    Presently before the Court is Defendant Mark Anderson's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#33). Plaintiffs filed a response in opposition (#40) to which Defendant Anderson replied (#45).

I.  Background and Relevant Facts

    Plaintiffs' complaint raises allegations that Defendants breached contracts and committed various torts related to interference with existing and prospective contracts. Defendant Mark Anderson ("Anderson") is a United States citizen. Anderson has resided in the Philippines almost continuously since 2002. Each year from 2004 to 2011, Anderson has listed his address in the Philippines on his federal tax returns as his place of residence. Further, for each of those years except 2011, Anderson qualified for the foreign earned income tax exemption because his wages

were earned outside the United States.  In 2011, Anderson spent part of the year in California seeking treatment for personal medical issues, and did not qualify for the exception.  Though Anderson maintains a State of Nevada driver's license, he is registered as an alien with the Republic of the Philippines, and has been issued both an Alien Certificate of Registration and a driver's license.  Further, Anderson does not maintain a residence in the United States, though he has relatives that live in California, does not own real property in the United States and does not own vehicles located or registered in the United States.

II.  Subject Matter Jurisdiction

Under 28 U.S.C. § 1332(a):

> district courts ... have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

A natural person is deemed to be a citizen of the state where he is domiciled.  See Gilbert v. David, 235 U.S. 561, 569 (1915).  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989).  An American citizen domiciled abroad, while being a citizen of the United States is, of course, not domiciled in a particular state, and therefore such a person is "stateless" for purposes of diversity jurisdiction.  Id.  Thus, American citizens living abroad cannot be sued (or sue) in federal court based on diversity jurisdiction as they are neither "citizens of a State," see 28 U.S.C. § 1332(a)(1), nor "citizens or subjects of a foreign state," see id. § 1332(a)(2); Newman-Green, 490 U.S. at 826.

Here, the Court finds that Defendant Anderson is domiciled in the Republic of the Philippines.  Defendant has provided copious amounts of evidence demonstrating that at the time the complaint was filed he was domiciled in the Philippines.  Not surprisingly, Plaintiffs have produced some evidence, in the form of sworn assertions by Plaintiff David Yang, that Anderson maintained

1 contact with his business associations in the United States, maintained a State of Nevada driver's
2 license, and received medical treatment in California (which Anderson readily admitted).  However,
3 Plaintiffs produced almost no evidence of Anderson's residence in any state of the United States.
4 Anderson overwhelmingly established residence and domicile in the Philippines.  Therefore, the
5 Court lacks subject matter jurisdiction over this matter.  Though amendment may be allowed to
6 remedy defective jurisdictional allegations, amendment cannot cure defective jurisdictional facts.  See
7 id. at 831-32.   Thus, the Court grants the motion to dismiss.

III.  Conclusion

      Accordingly, IT IS HEREBY ORDERED that Defendant Mark Anderson's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#33) is **GRANTED without prejudice**;

      IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**.

      DATED this 25th day of February 2013.

_____
Kent J. Dawson
United States District Judge

3